UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KARINE COLLINS,**

    **Plaintiff,**

                                                            Case Number:

**v.**

**EVERGLADES HOUSING GROUP, INC.**

    **Defendant.**

_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff, KARINE COLLINS, hereby brings this action for damages against Defendant, EVERGLADES HOUSING GROUP, INC., and alleges Defendant violated both the Fair Labor Standards Act ("FLSA") and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). In support of her allegations, Plaintiff states as follows:

<u>Parties</u>

1. Plaintiff is a qualified female who was employed by Defendant as a property manager.

2. Defendant operates and maintains housing units for migrant agricultural workers in Hillsborough County, Florida.

## Jurisdiction

3. Defendant is a not-for-profit corporation headquartered in Miami-Dade County, Florida.

4. Defendant is incorporated in Miami-Dade County, Florida.

5. Defendant operates and maintains a housing facility in Hillsborough County, Florida.

6. Defendant conducts business in among other places, Hillsborough County, Florida.

7. Defendant employed Plaintiff in its facility located in Hillsborough County, Florida.

8. Plaintiff performed services for Defendant, as an employee, in Hillsborough County, Florida.

9. Plaintiff brings this action against Defendant pursuant to the FLSA (29 U.S.C. 201, et. seq.) and COBRA.

10. Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

11. Defendant is an Employer as defined by the FLSA.

12. Defendant is a Plan Administrator as defined in the COBRA.

13. The Court has jurisdiction as the unlawful employment practices took place in Hillsborough County, Florida.

## Factual Allegations

14. On or about June 20, 2018, Defendant hired Plaintiff as a non-exempt office worker.

15. At all times during Plaintiff's employment with Defendant, Plaintiff was employed by Defendant as a non-exempt, hourly employee.

16. Indeed, Plaintiff was never compensated on a salary basis during her employment with Defendant and her weekly wages varied based on the number of hours worked by Plaintiff for Defendant.

17. Plaintiff was paid on an hourly basis and earned $15 per hour while employed by Defendant.

18. As an hourly office worker, Plaintiff regularly and routinely performed the following duties: making interstate phone calls, receiving interstate mail, sending interstate mail, sending and receiving interstate electronic mail, processing electronic payments with interstate banks, communicating with the federal government, and routinely interacting with individuals and tenants who recently traveled to Florida from other states and countries.

19. Defendant's organization primarily provides temporary housing to seasonal agricultural workers. The workers to whom Defendant leases the majority of its units to are seasonal and transitory workers who come to

Florida from other states and countries on a temporary basis to provide manual agricultural labor. Defendant actively solicits out-of-state workers to contract with Defendant.

20. As an office worker in Defendant's Ruskin, Florida location, Plaintiff interacted with foreign workers on a day-to-day basis as a regular part of her job duties and responsibilities to provide the foreign workers with housing.

21. Throughout the entirety of Plaintiff's employment with Defendant, Plaintiff regularly worked more than 40 hours in a single week.

22. Although Plaintiff regularly worked more than 40 hours in a single workweek, Defendant actively prevented Plaintiff for recording all hours worked.

23. Thus, Plaintiff was not compensated for all hours worked.

24. Additionally, Plaintiff was entitled to be compensated at a rate of one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

25. Under the FLSA Plaintiff was entitled to receive "premium wages" for the hours worked beyond 40 in a single workweek.

26. Plaintiff performed the vast majority of her work duties and responsibilities while physically located in Defendant's facility and working in full view of Defendant.

27. While working in full view of Defendant, Plaintiff regularly and routinely worked more than 40 hours during the majority of the workweeks during her employment with Defendant.

28. On number occasions, Plaintiff attempted to properly record the accurate and total amount of hours worked by Plaintiff during each workweek and Defendant aggressively and vehemently prevented Plaintiff from recording all hours worked.

29. Indeed, Plaintiff's manager – who is a very large and imposing male – forcefully told Plaintiff that she was not allowed to record the overtime hours worked and if she were to continue to record or attempt to record her overtime hours, she would be terminated.

30. Plaintiff was intimidated by the physical stature of her manager and was afraid of being terminated if she continued to record or attempt to record all hours worked during a single workweek.

31. Therefore, Plaintiff regularly and routinely worked off the clock without recording all of her working hours.

32. Despite not recording all of the hours she spent working, Defendant was intimately aware of the hours worked by Plaintiff because Plaintiff performed the vast majority of her work in the office in front of Defendant's employees.

33. Plaintiff also informed her manager on many occasions that she was unable to complete all of her tasks within 40 hours and she needed to work overtime in order to complete her job duties.

34. Plaintiff's manager indicated that he did not care how long it took her to complete the work, just that the work needed to be completed off the clock and that Plaintiff was prohibited from recording overtime hours.

35. In fact, it was common for Plaintiff's manager to remove hours that Plaintiff had recorded on her timesheet. This was done to avoid paying Plaintiff overtime wages.

36. Essentially, Defendant engaged in the illegal practice known as "time-shaving" in order to extract additional work from Plaintiff without compensating Plaintiff for all of the work she has performed.

37. As a result, Plaintiff was not compensated for all of the time she spent working for Defendant and was not always paid one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

38. Defendant terminated Plaintiff's employment on May 17, 2021.

39. Defendant's termination of Plaintiff's employment was a qualifying event entitling Plaintiff to receive a COBRA notice of benefits.

40. As of the time of this filing, Plaintiff has not received any notice – COBRA or otherwise – from Defendant informing Plaintiff that she no longer has insurance benefits through Defendant or can elect COBRA benefits.

41. Defendant should have provided, or caused to be provided, a notice informing Plaintiff that her health insurance had been canceled and that Plaintiff could elect to continue her medical coverage via COBRA.

42. During Plaintiff's employment with Defendant, Plaintiff participated in Defendant's group health plan within the meaning of 29 U.S.C. § 1167(1).

43. Defendant is the sponsor and administrator of the group health plan and was subject to the continuation of coverage and notice requirements of COBRA.

44. Plaintiff experienced a qualifying event as defined by 29 U.S.C. § 1163, and Defendant was aware that Plaintiff had experienced such a qualifying event.

45. Because of Plaintiff's qualifying event, Plaintiff was entitled to receive a COBRA notice from Defendant.

46. Defendant failed, neglected, and refused to produce any COBRA related notice to Plaintiff.

47. Defendant knew that it did not issue any COBRA notice to Plaintiff, in direct violation of 29 U.S.C. § 1163 and 29 C.F.R. § 2590.606-4 but made no attempt to correct this error.

48. In fact, Plaintiff contacted Defendant's health insurance company, CIGNA, requesting COBRA information and was told that Defendant refused to provide Plaintiff with COBRA information.

49. These violations were material and willful.

**COUNT I- RECOVERY OF OVERTIME WAGES COMPENSATION**

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-49, above.

51. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

52. Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

53. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

54. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

55. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

56. Plaintiff demands a trial by jury.

### COUNT II- VIOLATION OF 29 U.S.C. § 1166 (a) and 29 C.F.R. §. 2590.606-4

57. Plaintiff hereby reincorporates all paragraphs 1-56 herein and states as follows:

58. Plaintiff was employed by Defendant.

59. Defendant employed more than 20 employees during Plaintiff's employment.

60. Defendant is the administrator of Defendant's group health medical insurance program.

61. Plaintiff participated in Defendant's group health medical insurance program.

62. Defendant terminated Plaintiff's employment on May 17, 2021.

63. Plaintiff's termination was a qualifying event as defined in 29 C.F.R. 2590.606-4

9

64. Plaintiff was entitled to receive a COBRA notice informing her that her medical insurance benefits were being terminated within 14 days of her termination.

65. Plaintiff was entitled to receive a COBRA notice informing her of the option to maintain her medical insurance benefits within 14 days of her termination.

66. Defendant did not provide Plaintiff with any COBRA notice concerning the termination of her medical insurance benefits or the opportunity to continue her medical insurance benefits.

67. Plaintiff has been damaged by Defendant's failure and refusal to provide Plaintiff with a COBRA notice.

WHEREFORE, Plaintiff demands judgment for damages against Defendant together with back pay, front pay, reinstatement, interest, liquidated damages, costs and attorney's fees and other relief permitted by law.

DATED this 29th day of June, 2021.

**Respectfully,**

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321

                    LEE LAW, PLLC
                    1971 West Lumsden Road, Suite 303
                    Brandon, Florida 33511
                    Telephone: (813) 343-2813
                    Kyle@KyleLeeLaw.com